■ In the Matter of the Arbitration between GAYLEY MILL CORPORATION, Respondent, and PRINCETON RAYON CORP., Appellant.— Order unanimously reversed on the law, and the motion to disqualify the third arbitrator is granted, without costs, and the matter is remitted to Special Term, Part I, New York County before Mr. Justice HOFSTADER, for the designation of a new arbitrator, with all convenient speed. On May 6, 1959, in *Matter of Gayley Mill Corp. (Princeton Rayon Corp.)* (8 A D 2d 696) we affirmed the order which designated the third arbitrator. On that appeal, the only question raised, and all we considered, was the power of Special Term to designate the third arbitrator. Facts which subsequently came to the attention of the parties and their attorneys prompted the instant application for disqualification. In pressing its contention, appellant in no way challenges the arbitrator's capacity or professional attainment to serve as an arbitrator; nor is any reflection cast upon the arbitrator's personal integrity and impartiality. However, it does appear that the arbitrator's law firm and the attorneys representing appellant are cocounsel to an executrix of an estate with which a principal in appellant corporation has

had dealings. Moreover, in the course of those transactions, some friction developed between appellant's principal and the head of the arbitrator's law firm. In view of the express qualifications of an arbitrator — contained in the judgment implementing the agreement of the parties to submit to arbitration — that no arbitrator "have any connection or association with either party or their attorneys which would disqualify a person from being a juror", we are of the opinion that, under the circumstances here disclosed, the challenge to the third arbitrator's continuance should have been sustained at this stage of the proceedings. Concur — Botein, P. J., Rabin, Valente, McNally and Stevens, JJ.